# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| REV. WILLIAM BOOTH | : CIVIL ACTION NO.: |
|     Plaintiff | : |
| vs. | : |
| | : |
| CITIZENS BANK, N.A. | : |
| NABEEL BHATTI | : |
|     Defendants | : |
| | : |

## COMPLAINT AND JURY DEMAND

**I.    INTRODUCTION**

1.    Plaintiff, Reverend William Booth, seeks damages in excess of one million dollars ($1,000,000.00) from Defendants Citizens Bank, N.A. ("Citizens") and Nabeel Bhatti ("Bhatti") and upon his causes of action, avers as follows.

2.    This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations of Plaintiff's rights under federal and state laws by the Defendants.

3.    This action arises under the Civil Rights Act 42 U.S.C. Section 1981and the New Jersey Law Against Discrimination, which prohibit discrimination on the basis of race in the provision of services, and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful, deliberate and intentional race discrimination by the Defendants against Plaintiff. This action also arises under the New Jersey state's common law intentional infliction of emotional distress.

**II.    JURISDICTION, VENUE AND PARTIES**

4.    The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. 1331, which provides for the original jurisdiction of Plaintiff's claims arising under the laws of the United

States of America. This Court also has supplemental jurisdiction over Plaintiff's state law claims.

5. The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. 1391(c) as the incident that is the basis of this case occurred within the personal jurisdiction of this court and because Citizens is deemed by that statute to reside in any judicial district in which it is subject to the Court's personal jurisdiction with respect to this civil action.

6. Plaintiff resides at 1995 Steeplechase Drive Williamstown, NJ 08094 and Plaintiff is a black, African American male.

7. Defendant, Citizens Bank, (hereinafter "Citizens") is a corporate banking institution, with its headquarters located in Providence, Rhode Island, doing business in the State of New Jersey and at all times relevant to the issues in this case, has its business offices located at 79 Route 73 South, Voorhees, NJ 08043.

8. Defendant, Nabeel Bhatti, (hereinafter "Bhatti") is an adult individual and at all times relevant hereto was an employee of Citizens, at the aforesaid Voorhees bank location.

### III. BRIEF STATEMENT OF FACTS

9. On or about January 4, 2021, Plaintiff open a savings account and a checking account with Citizens.

10. At the inception of his savings account Plaintiff deposited $8,000.00

11. On January 21, 2021, Plaintiff did a wire transfer of $280,000 from his PNC Bank account to his Citizens saving account.

12. On Saturday January 23, 2021, between the hours of 11:00 and 11:30am, Plaintiff and his wife went to the bank to take care of some business. Plaintiff

- needed to "Reset" his PIN #;
- Make a withdrawal in the amount of **($5,000)** from his savings account; and
- Request a "Cashier's Check" in the amount of $30,000.

13. As Plaintiff and his wife entered the bank, his wife sat down in a reception area, as Plaintiff approached the teller, Nabeel Bhatti, at the counter.

14. Plaintiff asked Nabeel Bhatti if a "Manager" was available. Mr. Bhatti replied, "no there wasn't, can I help you?" Plaintiff informed Nabeel Bhatti that he needed to reset his pin number, withdraw $5,000 from his savings account and obtain $30,000 in cashier's check.

15. Nabeel Bhatti's immediate response was, "THE BANK DOESN'T KEEP THAT AMOUNT OF MONEY IN IT". This was a false statement to Plaintiff by Nabeel Bhatti.

16. Plaintiff informed Bhatti that his statement doesn't make any sense to him. But, Bhatti responded and reiterate his earlier statement, "as a company policy, the bank doesn't keep that amount of money in it. If you want to make a withdrawal of that amount, you must call ahead to schedule a withdrawal, when it is a large sum of money."

17. Bhatti repeated statement to Plaintiff was false and Citizens had no such policy and no prior notice was ever given to Plaintiff by Citizens that expressed that "policy".

18. Plaintiff had withdrawn $10,000 from his PNC Bank Account, without calling ahead and was not aware of such policy by any bank in the United States.

19. Plaintiff then asked Bhatti how much could he withdraw? He replied, $2,500. Plaintiff then told Bhatti that he would like to withdraw will the $2,500.00. At which time Bhatti asked Plaintiff for his identification, and then proceeded to go through the identification process. Plaintiff provided him with his driver's license, Citizens Bank Card and information pertaining to his account number. Bhatti also asked Plaintiff to pull down his face mask, as he was looking at Plaintiff's driver's license.

3

20. While Plaintiff was waiting for Bhatti to process this withdrawal, three other Citizens Bank customers (Caucasian) came into the bank and completed their transactions, leaving with their cash envelopes in hand. Ironically, the other "Teller" (Melisa) who serviced these Caucasian customers, didn't ask/require them to pull down their face mask. However, Plaintiff, who is black African-American was treated differently and in an abrasive manner by Bhatti.

21. Plaintiff asked Bhatti if he saw the $280,000 he had previously wired into his account, and Bhatti replied that he could see it. Plaintiff asked Bhatti if he could still get the Cashier's check for $30,000, and he said yes.

*22.* Bhatti then commented about Plaintiff's account not receiving any interest on it; the money was just sitting there, and then asked Plaintiff if a bank officer could contact him on Monday, the 25th. Plaintiff took the advantage of Bhatti asking him this question to say yes he would, solely he could make a formal complaint to a Citizens' bank officer about Bhatti racially profiling him.

23. On Monday, January 25, 2021, Plaintiff received a call around 9:30 am from an investment officer from Citizens, Robbie Williams. Plaintiff complained to her about his encounter with Bhatti the past Saturday and informed her that he felt he was "racially profiled" and "discriminated" against by Citizens' teller Bhatti. In her response to Plaintiff, this Investment Officer replied with, "That makes no sense to me. If he could give you a bank check for $30K, he could have given you the $5,000 you asked for as well…" She then stated she would look into it and call Plaintiff back later on that afternoon. However, she never called Plaintiff back about his complaint and neither did Plaintiff receive a call from anyone or any correspondence from Citizens Bank as a follow-up to his complain of racial profiling and race discriminatory treatment by one of it Bank Tellers.

24. In addition, Plaintiff went to two other Citizens Bank locations, to verify or confirm the validity of Bhatti's statement, "The Call Ahead Policy." Plaintiff asked if he wanted to withdraw $5,000.00 from his account, would there be a problem? Plaintiff was informed at these two Citizens bank locations there wouldn't be a problem and there was no policy in place that required Plaintiff to have called ahead to make such withdrawal from his account.

**IV          STATEMENT OF CLAIM**

**COUNT ONE- COMPENSATORY AND PUNITIVE DAMAGES AND ATTORNEYS' FEES PURSUANT TO 42 USC SECTION 1981 VIOLATION–RACE DISCRIMINATION**

25. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 24 above as if same were fully set forth at length herein.

26. Plaintiff has a right under the Civil Rights Act to be free from discrimination on the basis of his race in the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship", including the relationship with Defendants that he sought on January 23, 2021.

27. Defendants acted out of racial animus in denying Plaintiff his request for the sum of $5,000 from his personal account he held with Citizens.

28. Defendants' discriminatory and humiliating treatment of Plaintiff on January 23, 3021 was utterly unacceptable and was affront to the values that society expects in the equal treatment of all persons, especially those who seek to open accounts in banks licensed by the United States government and enjoy the privileges of operating retail community banks under federal regulations.

29. The acts and conducts of Defendants as stated above where Plaintiff was subjected to race discriminatory conduct were violations of the Civil Rights Act, 42 U.S.C. Section 1981.

30. As a direct and proximate result of the said discriminatory practices of Defendants in violation of the Civil Rights Act, Plaintiff has sustained mental anguish, emotional distress, humiliation, and damage to reputation.

## COUNT TWO-NJLAD VIOLATION–RACE DISCRIMINATION

31. Plaintiff incorporates by reference all allegations alleged in paragraphs one 1 through 30 above as if same were fully set forth at length herein.

32. It is against the New Jersey Law Against Discrimination in New Jersey for any person or business entity to discriminate against any person on the basis of the person's race or color when providing any public accommodation or benefit or services in any place where an invitation is extended to the general public such as in banks.

33. It is a violation of this law for Defendants to ask Plaintiff to meet more difficult requirements or standards than other people seeking the same accommodation because of race.

34. The acts and conducts of Defendants as stated above where Plaintiff was subjected to race discriminatory practices in public accommodation were violations of the New Jersey Law Against Discrimination (NJLAD).

35. Defendant Bhatti aided and abetted the violation of this statute and Plaintiff's rights to be free from race discrimination in public accommodations.

36. As a direct and proximate result of the said discriminatory practices of Defendants in violation of the NJLAD, Plaintiff has suffered mental anguish, emotional distress, humiliation, and damage to reputation.

## COUNT THREE-COMPENSATORY AND PUNITIVE DAMAGES PURSUANT TO STATE LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiff incorporates by reference all allegations alleged in paragraphs one 1 through 36 above as if same were fully set forth at length herein.

38. The acts and conducts of Defendants as stated above were outrageous, malicious and were conducted in reckless disregard and indifference to the likelihood that emotional distress results and were intentional towards Plaintiff and intended to and did cause him emotional distress and therefore subject Defendants to liability for a cause of action of intentional infliction of emotional distress to Plaintiff.

39. As a direct and proximate result of Defendants' aforesaid conduct, Plaintiff has suffered mental anguish, emotional distress, humiliation, and damage to reputation.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully demands judgment against Defendants and request that this Honorable Court:

A. Enter judgment against Defendants for compensatory damages, exemplary damages, punitive damages in an amount of at least $1,000,000, plus costs of suit, attorneys' fees and expert witness fees as permitted by law; and

B. Award such other relief, as the Court may deem necessary and just, including but not limited to a declaratory judgment order precluding Defendants from engaging in future discriminatory conduct towards African-American customers.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact raised by this Complaint.

                                     */s/ Olugbenga O. Abiona*

                                     Olugbenga O. Abiona, Esquire
                                     P.O. Box 3326
                                     Cherry Hill, NJ 08034
                                     215-833-8227
                                     Attorney Id: 017281989
                                     Attorney for Plaintiff

Dated: August 29, 2022